IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| THOMAS EDWARD NESBITT, | ) | 4:10CV3099 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL, | ) | |
| Respondent. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus. (Filing No. 1.) The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made six claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: Petitioner was denied his Fifth Amendment right to remain silent *because* opposing counsel impermissibly argued the jury should infer guilt from Petitioner's decision to remain silent during investigations and, as a result, Petitioner was forced to testify at trial.

Claim Two: Petitioner was denied his Fifth Amendment protection against double jeopardy *because* the prosecutor took "a second bite at the apple" by proceeding on a charge of first degree murder after defendant was acquitted of felony murder.

Claim Three: Petitioner was denied his First Amendment right to freely associate *because* the prosecutor unfairly invoked organizations with which the Petitioner was associated in order to portray his character negatively.

Claim Four: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his trial counsel failed to: (a) object to improper evidence; (b) request a mistrial for prejudice based on the admission of improper evidence; (c) request jury instructions explaining Petitioner's exercise of Constitutional rights and protections or offer jury instructions proposed by Petitioner; (d) inform the jury about perjured testimony; (e) present all relevant evidence; (f) object to the prosecutor's closing argument which incorrectly portrayed the elements of Petitioner's alleged crime; and (g) preserve Petitioner's rights to freedom of association by failing to object to character arguments based on Petitioner's associations.

Claim Five: Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the trial court: (a) allowed impermissible prejudicial evidence; (b) did not notify the jury of a witness's prior arrest; (c) did not notify the jury of a non-prosecution agreement between the witness and the prosecution; (d) did not apply the correct standard of

2

                    proof when ruling on the directed verdict; (e) denied Petitioner a preliminary hearing on the sufficiency of the evidence; (f) did not properly inform the jury it needed to find all the material elements of murder including the requirement that a death actually occurred; and (g) did not inform the jury that they must resolve issues involving "grading" the type of homicide in favor of the Petitioner.

Claim Six:        Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* during his post-conviction proceedings, his counsel failed to: (a) vigorously represent Petitioner; (b) raise all possible grounds for a mistrial; (c) challenge discovery violations; and (d) challenge the jury instructions.

Liberally construed, the court preliminarily decides that Claims One through Five are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

Liberally construed, the court decides that Claim Six is not cognizable in a federal court habeas action, as it involves questions of state law that have been decided by a state court. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005). Further, errors in state post conviction proceedings are not cognizable in a federal habeas corpus action. *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Any error in [the petitioner's] state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus.").

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (filing no. 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: Claims One through Five.

2. The court decides that Claim Six is not cognizable in a federal court habeas action and is therefore dismissed.

3. The Clerk of the court is directed to mail copies of this memorandum and order and the section 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

4. By August 9, 2010, the respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: August 9, 2010: deadline for respondent to file state court records in support of answer or motion for summary judgment.

5. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled:

    "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of

the motion for summary judgment. **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner.**

6.  If the respondent elects to file an answer, the following procedures shall be followed by the respondent and the petitioner:

    A.  By August 9, 2010, the respondent shall file all state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the the [Rules Governing Section 2254 Cases in the United States District Courts](). Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    B.  No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the the [Rules Governing Section 2254 Cases in the United States District Courts]().

    C.  Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner at the time they are filed with

>    the court *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.
>
> D.  No later than 30 days following the filing of respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.
>
> E.  No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.
>
> F.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: September 8, 2010: check for respondent to file answer and separate brief.

   7.   No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   DATED this 24th day of June, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.