IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS EDWARD NESBITT, | ) | 4:10CV3099 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on its own motion. On July 30, 2010, Petitioner filed an Emergency Motion to Stay. (Filing No. 19.) In his Motion, Petitioner asks the court to stay proceedings in this matter until a hearing can be scheduled regarding his inability to access a law library while he is in segregation. (*Id*.; *see also* Filing No. 12 at CM/ECF pp. 2, 4.) For the reasons discussed below, Petitioner's Emergency Motion to Stay is denied.

Respondent has filed a Motion to Dismiss and State Court Records in this matter. (Filing Nos. 14 and 16.) In his Motion, Respondent argues that Petitioner's Petition for Writ of Habeas Corpus ("Petition") is successive because it challenges the same judgment or conviction at issue in a previously litigated federal petition for habeas corpus relief. (Filing No. 14.) See also *Nesbitt v. Hopkins*, 907 F.Supp. 1317 (D.Neb. 1995), *aff'd* 86 F.3d 118 (8th Cir. 1996).

Upon careful review of the record, it appears that the Petition in this matter is successive. Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657 . . . (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez- Villareal*, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier

petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. See *Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

As discussed above, the Petition in this matter appears to be successive. Moreover, Petitioner has not shown, nor alleged, that he moved for an order authorizing this court to consider his Petition. Thus, Petitioner shall have thirty days to respond to the successiveness issue and establish that this court has jurisdiction over his Petition.

IT IS THEREFORE ORDERED that:

1. Petitioner shall have until September 6, 2010, to respond to the successiveness issue and establish that this court has jurisdiction over his Petition.

2. Petitioner's Motion for Clarification and Reconsideration (filing no. 18) and Motion for Emergency Stay (filing no. 19) are denied without prejudice to reassertion after Petitioner responds to the successiveness issue in accordance with this Memorandum and Order.

3. Respondent's pending Motion to Substitute Party (filing no. 15) is granted. The Clerk of the court is directed to update the court's records in accordance with the Motion to Substitute Party.

DATED this 5th day of August, 2010.

BY THE COURT:

*Richard G. Kopf*

3

United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.