IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS EDWARD NESBITT, | ) | 4:10CV3099 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, State | ) | |
| of Nebraska Department of | ) | |
| Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion to Dismiss. (Case No. 4:10CV3099, Filing No. 16.) Petitioner Thomas Edward Nesbitt ("Nesbitt") has filed a Brief in Opposition to Respondent's Motion to Dismiss. (Case No. 4:10CV3099, Filing No. 23.) Also pending are Nesbitt's Motion for Hearing and Motion for Additional Documents. (Case No. 4:10CV3099, Filing Nos. 21 and 22.)

## I.  BACKGROUND

Nesbitt is serving a life sentence for first-degree murder, and is in the custody of the Nebraska Department of Correctional Services. *Nesbitt v. Hopkins*, 907 F. Supp. 1317, 1320 (D. Neb. 1995). (*See also* Docket Sheet.) This matter is Nesbitt's second petition for writ of habeas corpus relating to his first-degree murder conviction. Nesbitt filed his first petition on December 4, 1991. (Case No. 4:91CV3364, Filing No. 1.) This court dismissed that petition on March 1, 1995. *Nesbitt*, 907 F. Supp. at 1320. (*See also* Case No. 4:91CV3364, Filing Nos. 115 and 116.) On May 25, 2010, Nesbitt filed his Petition for Writ of Habeas Corpus ("Petition") in this matter. (Case No. 4:10CV3099, Filing No. 1.) In his Petition, Nesbitt asserts a double jeopardy claim similar to the double jeopardy claim he asserted in his previous petition. (*Compare* Case No. 4:10CV3099, Filing No. 6 *with*

Case No. 4:91CV3364.) *See also* Nesbitt, 907 F. Supp. at 1320. Liberally construed, Nesbitt also asserts four new claims. (Case No. 4:10CV3099, Filing No. 6.)

## II.  ANALYSIS

Rule 9 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.*  Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.*  The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts.  *Felker v. Turpin*, 518 U.S. 651, 657 . . . (1996); § 2244(b).  An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application.  § 2244(b)(3)(A).  The court of appeals then has 30 days to decide whether to grant the authorization to file.  § 2244(b)(3)(D).  A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

The court has reviewed the record in this matter and in Nesbitt's previous habeas corpus proceeding. There is no question that both petitions challenge Nesbitt's first-degree murder conviction and sentence. (Case No. 4:10CV3099, Filing No. 1 at CM/ECF pp. 1, 65.) *Nesbitt*, 907 F. Supp. at 1320. Thus, in order for this court to have jurisdiction over Nesbitt's current Petition, he must set forth a new rule of constitutional law or new facts which establish his innocence.

As discussed above, Nesbitt asserts a double jeopardy claim similar to the double jeopardy claim he asserted in his previous petition. However, Nesbitt does not assert a new rule of constitutional law relating to this claim. Nesbitt also asserts four new claims, but does not describe why these claims could not have been raised or developed in his previous petition. Moreover, Nesbitt fails to allege any new facts to demonstrate that he is innocent of the underlying offense. Thus, the Petition is clearly "successive." Because Nesbitt does not assert, nor does the record show, that

he sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive Petition, it must be dismissed.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion to Dismiss (filing no. 16) is granted.

2. Petitioner Thomas Edward Nesbitt's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed without prejudice to the reassertion of a subsequent petition upon certification by the Eighth Circuit Court of Appeals.

3. A separate judgment will be entered in accordance with this memorandum and order.

4. All other pending Motions are denied as moot.

DATED this 2nd day of September, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.